## COUNTY OF AROOSTOOK.

### JOHN F. H. HALL & al. versus JOHN HUCKINS.

A. having agreed in a settlement with B. for stumpage, that he would "account to or allow" B. "any and all deductions" which A. might obtain from the State on account of the stumpage, B. having first to "pay or allow" A. "all his expenses, costs and trouble" in obtaining them; — Held, that as the deductions had to be effected through the agency of A., who would thus know when they were made and to what amount, he was bound to account to or allow B. the amount of the same, less his reasonable expenses, costs and trouble in obtaining them. —

Held also, that A. having by a transfer of the judgment which he held against B. put it out of his power to "allow" the amount thereon as contemplated when the agreement was made, he was bound to "account" to him for the same. —

Held also, that a reasonable time having elapsed after the deductions were made, B. could maintain his action against A. for the amount due him, without any previous demand on A. —

Held also, that B. was entitled to interest on the balance due him from the time when the deductions were made.

It seems, that the true principle, upon which to base the allowance of interest in the absence of express stipulation, is to charge it upon the party who is in fault.

To enable a plaintiff to recover in an action of assumpsit on the money counts, it is not always necessary to show that the money has actually been received by the defendant. If any thing has been received by defendant as payment in lieu of money, as negotiable promissory notes, specific chattels, and even real estate, it equally entitles the plaintiff to recover.

ON REPORT from *Nisi Prius*, CUTTING, J., presiding.

ASSUMPSIT.

The writ was dated May 16, 1854, and contained a count on account annexed, one for money had and received, and one on the special contract recited in the opinion of the Court. The further facts of the case appear in the opinion of the Court.

The case was reported for the Law Court, to order such judgment as they should see fit.

*J. A. Peters* and *Wentworth*, for defendant.

1. The paper on which the action is founded, if received as a promise to pay any thing, is void for want of consideration. It states one dollar as a consideration; that is merely nominal, and is to be regarded as nothing.

2. An action cannot be maintained on this paper, until the plaintiffs perform an act precedent. They must "pay and allow all costs, expenses and trouble."

3. An action will not lie, because of the want of proof of a previous demand. It is an agreement to "account and allow," and not an agreement to pay.

4. There is no sufficient declaration to support an action upon the agreement of Nov. 8th; and no action can be supported upon it, but one alleging a demand and refusal to account. *Ayers & al.* v. *Sleeper*, 7 Met. 45.

*Rowe, Tabor* and *Madigan*, for plaintiffs.

1. The agreement on the part of Hall & Smith to be defaulted in the Huckins suit, and Huckins' agreement to account for deductions, bear date the same day, and constitute one transaction. In his bill, Huckins charged and was allowed the full stumpage. Had he charged the amount he actually paid afterwards, there would have been a large balance due the plaintiffs.

2. Plaintiffs claim interest from July 1, 1846, the deduction having been made as of that day.

3. The case shows the amount due to Massachusetts to have been $2750,91, on which defendant charged and received interest from July 1, 1846.

4. The only matter in which the plaintiffs are interested, is the amount of the reduction. How the defendant paid the reduced amount, whether in cash or other property, is his affair.

APPLETON, J.—It appears that, on December 12, 1846, the present defendant commenced a suit against Hall & Smith, the plaintiffs in this action, containing, among other items under that date, a charge of $2785,37 for stumpage, and one

for interest from July 1st to that date. The action was duly entered, and, on November 8, 1847, Hall & Smith agreed to be and were defaulted, for the sum of $1692,50, as the balance due. The charges for stumpage and interest were included among the debits against Hall & Smith, and constituted a part of the account then adjusted.

When this adjustment was made, Huckins was indebted to the Commonwealth of Massachusetts for the stumpage and interest included in his judgment against the plaintiffs. Upon the basis of the settlement between the parties, in pursuance of which the default was entered, if the unpaid stumpage and interest had been deducted, there would have been a balance in favor of Hall & Smith, of $1112,87.

At the same time Hall & Smith were defaulted for the sum agreed upon, the defendant signed the following agreement:—

"Bangor, November 8, 1847.

"In consideration of one dollar, I hereby agree *to account to and allow* Hall & Smith *any and all* deductions, which I may obtain from the States of Maine and Massachusetts, on account of stumpage on timber which I purchased of said Hall & Smith in December, 1846, should any reduction on the stumpage be made by said States of Maine and Massachusetts. That said Hall & Smith shall first pay or allow said Huckins all costs, expenses and trouble, which he may be at in obtaining any deduction on the said stumpage, or endeavoring so to do. "John Huckins."

The stumpage and interest included in the judgment obtained by the defendant against Hall & Smith, was the same which he was to pay the Commonwealth of Massachusetts, and of which he was to obtain, if possible, a reduction. It is apparent, therefore, that any reduction he might obtain would enure equally for the benefit of Hall & Smith, as for his own.

After various negotiations between the defendant and the Commonwealth of Massachusetts, a compromise was effected by which the defendant was discharged from his indebtedness

for stumpage, by transferring the judgment against Hall & Smith and paying one hundred dollars.

It is conceded, that a deduction has been obtained from the liberality of Massachusetts, and in consequence thereof there is something due the plaintiffs, but it is insisted, that they cannot recover in this suit, because no demand has been made previous to its commencement.

The writ contains a count upon the special contract, as well as the usual money counts.

As the deduction was to be effected through the agency of the defendant, he would know when it was made. The plaintiffs could make no effectual demand till after the desired deduction had been obtained. The knowledge of that fact was to come from the defendant. The defendant, knowing when the deduction was made, was bound "to account to or allow" the amount discounted, less the expenses of obtaining it, as by his contract he had agreed to do. Regard being had to the relations of the parties on Nov. 8th, it is apparent, that it was their mutual expectation that the discount obtained was primarily to be applied in satisfaction of the judgment which the defendant on that day obtained against the plaintiffs. As the defendant transferred the execution, it was out of his power to make this application. As the judgment was in full force and the execution might be enforced at any time, it was his duty to account to the plaintiffs for the deduction obtained on the stumpage, to enable them to discharge the execution assigned to Massachusetts.

The defendant had "agreed to account to or allow Hall & Smith any and all deductions," which he might obtain. It was out of his power to allow them upon his judgment, because he had transferred it. It was not out of his power to account, and it was his duty so to do. He had had the benefit of the plaintiffs' judgment, by which his own indebtedness had been discharged. His contract was not "to account to and allow" on demand, but "to account to and allow," and that he should have done, and that he has neglected to do. He has, therefore, failed to perform his contract. A reason-

able time in which it should have been performed, had elapsed long before the institution of this suit.

It is true that Hall & Smith were to first pay or allow said Huckins " all costs, expenses or trouble," which he might incur in procuring, or endeavoring to procure, the desired reduction. These expenditures were peculiarly in the knowledge of the defendant. The plaintiffs are not in fault in not paying or allowing expenses of which they were not aware and of which this defendant should have rendered an account. This defendant had in his hands the funds out of which these expenses were to be allowed, and neglected equally to render an account of the deductions obtained as of the expenses incurred in procuring them.

To enable the plaintiffs to recover upon the money counts, it has not been held necessary in all cases to show that money has actually been received. If any thing has been received in lieu of money, it equally entitles the plaintiffs to recover. Negotiable notes, recovered by a defendant, are regarded as money. *Willie* v. *Green*, 2 N. H., 333; *Clark* v. *Penney*, 6 Cow., 297. The value of a specific chattel, received in payment of rent, may be recovered in this form of action. *Ames* v. *Ashley*, 4 Pick, 71. It may even be maintained when the payment is received in real estate. *Miller* v. *Miller*, 7 Pick. 136. Whatever reduction might be obtained would be for the eventual benefit of the plaintiffs. Had the stumpage been paid to the Commonwealth of Massachusetts, the reduction would have been by re-payment to the defendant of the amount discounted. Whether the reduction were made by passing a specified sum to the credit of the defendant, or whether, the stumpage having been paid, the amount discounted were re-paid to the defendant, would make no difference to him nor to the plaintiffs, who were to have the benefit of whatever allowance might be made.

" It is a rule that the person to be discharged from liability, by the performance of a certain act, is impliedly bound to do, or cause to be done, the act which is to exonerate him." Chitty on Contracts, 728. The omission to render an account,

after a reasonable time, makes a demand unnecessary. *Dodge* v. *Perkins,* 9 Pick. 393.

The defendant, having funds of the plaintiffs in his hands, or what are to be regarded as funds, was bound either " to account to, or allow" the plaintiffs for the same. A reasonable time had elapsed in which it should have been done, and the defendant having neglected to do, what, by his contract, he had agreed to do, an action may be maintained without demand.

It remains to consider what principles are to govern in the assessment of damages.

In the account upon which judgment was recovered, in the suit *Huckins* v. *Hall & Smith,* it appears that the plaintiff in that action claimed stumpage and interest thereon. The defendants, by submitting to a default, acknowledged the justice of that claim. The necessary inference, therefrom, is, that Huckins was liable to Massachusetts for interest on the amount due for stumpage, otherwise he was guilty of unfairness in charging interest when he was not liable to pay the same. Hall & Smith must have so understood it, else they were guilty of imbecility in submitting to a default in which an unjust claim for interest was allowed. The right of Massachusetts to interest on the stumpage due, may be regarded as admitted by both parties. To deny it, would be to impute want of integrity to one party and want of intelligence to the other.

The defendant, either in consequence of original liability or a subsequent assumption, and it is immaterial which may be the case, was bound to pay the stumpage and interest included in his judgment against the present plaintiffs. In either alternative his claim against them arose from his liability to Massachusetts. The justice of his claim was conceded. The reduction to be obtained was dependent upon the liberality of Massachusetts. In effecting a compromise he was at liberty as to the mode and the means to be used. The judgment he had recovered was due him and he was not precluded from transferring it as part of the payment to be made in

his settlement. In so doing he assigned a debt due to him to discharge a debt due from him.

From the stumpage due Massachusetts and the interest thereon to the day when they discharged it, is to be deducted the execution in favor of the defendant against the plaintiffs and interest thereon to the same date and one hundred dollars; and the difference will show the deduction made by Massachusetts, and is to be regarded as so much money in the hands of defendant for which he was then bound " to account to and allow" the plaintiffs.

It seems that the defendant purchased a large amount of lumber of the plaintiffs in December, 1846. The evidence shows, that an allowance was made by the agent of Maine for timber cut by the plaintiffs. It does not distinctly appear whether the lumber on which this deduction was made, was included in the amount purchased in December. If it was, the same rules as to the adjustment of the plaintiffs' claim are to apply as have been considered just in reference to the deduction obtained from Massachusetts, so far as they may be applicable. Interest should be charged or not upon the deduction made by Maine, if it be within the contract in suit, accordingly as the defendant was or was not liable to pay the same.

The deductions being ascertained, the inquiry arises whether the plaintiffs are to recover interest thereon from the time when they were obtained or from the date of the writ.

Interest is to be allowed when the law by implication makes it the duty of the party to pay over the money to the owner, without any previous demand on his part. *Perkins* v. *Dodge*, 9 Pick. 368. In an action for money paid by a surety, interest is recoverable from the time of payment without proof of a demand for re-payment. *Ilsley* v. *Jewell*, 2 Met. 168. "It is a well settled rule," says RADCLIFF, J., in *Lynch* v. *DeViar*, 3 Johns. Cases, 310, " that money received to the use of another, and improperly retained, carries interest." In *Reid* v. *Rensalaer Glass Co.*, 3 Cow. 426, it was

regarded as settled law in New York, that interest is recoverable on an open mutual cash account. This case came before the Court of Errors, 5 Cow. 587, where the allowance of interest was elaborately discussed. "It seems to me," says SANFORD, Ch., in that case, "that the Courts of Pennsylvania have seized on the true principle. They appear to put the allowance of interest on the fault of the party, who is to pay the money." In *Purdy* v. *Phillips*, 1 Kernan, 406, it was held that a sum of money payable by an instrument in which interest is not mentioned, which does not specify any time of payment, or that the money is payable on demand, draws interest from the date of the instrument.

When the defendant assigned his execution and paid the sum of one hundred dollars, the whole amount due Massachusetts for stumpage had been paid him by the plaintiffs; that is, by the credit on his account and by the judgment recovered for the balance in his favor, and by him assigned without recourse. The defendant must be regarded as holding the deductions to be allowed the plaintiffs or to be accounted for in some other way. He could not make any allowance on his judgment against them, for he had transferred it. Had the judgment been his, the amount discounted would at once have been applied to its discharge. But he had ceased to own it. The defendant should be in no better, and the plaintiffs in no worse condition, by reason of the transfer. The defendant is not, by his acts, to affect injuriously the rights of the plaintiffs. Interest was accruing on the judgment, the payment of which Massachusetts might enforce. The defendant had obtained judgment against the plaintiffs, as appears by his account, for the entire stumpage due from him to Massachusetts, and interest thereon. By the settlement effected he obtained a large discount. As the plaintiffs had paid, and were liable to pay interest, so they should receive it, otherwise the defendant would make a clear gain of interest.

The plaintiffs are entitled to interest, from the date of the settlements made respectively with Massachusetts and with Maine, on the deductions which were made on the stumpage

of the lumber referred to in the memorandum of the defendant as having been purchased in December, 1846.

The defendant is to be allowed for any reasonable costs, expenses or trouble, which may be shown to have been incurred in obtaining, or in endeavoring to obtain a deduction on the stumpage debts already referred to.

A default is to be entered and the damages are to be assessed by the Court, or some one appointed by them, if the parties thereto agree.　　　　　　*Defendant defaulted.*

TENNEY, C. J., and HATHAWAY, MAY, and GOODENOW, J. J., concurred.