## JOHN M. FLETCHER *vs.* INHABITANTS OF BELFAST.

### Waldo.    Opinion May 4, 1885.

*City physician of Belfast.    Compensation for services.    When an action for money had and received will lie.*

A city ordinance provided that there should be elected annually a city physician, and that it should "be the duty of the said physician to attend upon all sick paupers whether permanent or temporary;" that in addition to a stipulated salary he should "receive, when collected, all sums for medical services rendered by him for paupers of other cities and towns." The city recovered for such services of the town liable in an action for pauper supplies, and the money collected upon the judgment was paid over by the officer, in whose hands the execution had been placed, to a party with whom the city had contracted for the support of the poor. *Held :*

1. That an action for money had and received would lie by said physician against the city for the money thus collected.

2. That the want of plenary proof of the qualification of the physician, under R. S., c. 13, § 9, could not be invoked as a defence to this action.

ON REPORT.

The case and the material facts are stated in the opinion.

*Philo Hersey*, for the plaintiff.

*Thompson and Dunton*, for the defendants.

FOSTER, J.    Assumpsit for money had and received by the defendants to the plaintiff's use.    In actions of this kind, the remedy is equitable, and lies in favor of one person against another, when that other person has received money, or what is treated as money, either from the plaintiff himself, or from some third person, under such circumstances that in equity and good conscience he ought not to retain the same, but which *ex æquo et bono* belongs to the plaintiff.    In this case, the plaintiff claims to maintain his action on the ground that the defendants have received money that equitably belongs to him.

In March, 1876, the plaintiff was elected city physician, under the ordinances of the city of Belfast, for the ensuing municipal year. One of those ordinances provided that there should be elected annually a city physician, and that it should " be the duty of the said physician . . . to attend upon all sick paupers, whether permanent or temporary. " Section second of the same ordinance provided that " the city physician shall be paid thirty dollars, which shall be in full for all services for which the city is properly chargeable, and he shall receive, when collected, all sums for medical services [ rendered ] by him for paupers of other cities and towns, and said salary shall be paid annually."

In the fall of that year the plaintiff was called upon by the overseers of the poor of Belfast, to attend one Solomon McFarland, a person found destitute in Belfast, and having no settlement therein. The services thus rendered amounted to twenty-three dollars.

Subsequently, an action was brought by the city of Belfast against the town of Knox, where the said McFarland had his settlement, for supplies furnished, and judgment was recovered by Belfast in 1883. From the evidence before us, we are satisfied that Belfast, in that judgment, recovered for the services of this plaintiff the above named sum, together with the sum of seven dollars and seventy-four cents witness fees of this plaintiff attendant upon the trial in said action. The execution which issued upon that judgment, was placed in the hands of an officer, who collected the full amount of the judgment and paid it over to one Harrison Hayford, with whom the city of Belfast had contracted for the support of the poor in 1876, and each year since that time.

One of the grounds of defense in this action is, that the defendants have not received the money — that it was paid over to said Hayford and not to the defendants, and that, therefore, they are not liable to the plaintiff in this form of action. But by the terms of the contract which was thus made with the said Hayford, Belfast was to furnish all medicines and medical aid to the paupers, without expense or cost to him ; and as a part of the consideration named in the agreement for the support of the

poor, he was to receive " all sums of money received and collected by said city of Belfast from any other city or town, for the relief or support of any pauper. " And while, by the same contract, the question of the necessity for supplies lay with the overseers of the poor, and such supplies were to be furnished by said Hayford under the direction of said overseers, it was also therein provided that he was authorized to have suit brought in the name of the city, and to recover pay for such supplies of the cities or towns liable to the city of Belfast.

Therefore, whether the money collected on the judgment against the town of Knox was received by the city directly and then passed over to Harrison Hayford, or was received by him with the sanction and approval of the city, and appropriated as a part of that consideration to which he was entitled by virtue of his contract with the city, can make no difference. In either case, it would inure to the benefit of the defendants, as the actual parties benefitted by the payment of their contract liability. The suit upon which the money was collected, was brought by the city of Belfast. It was authorized to be brought by the contract of which we have spoken. The judgment was collected. The money was paid, and, from all that we can gather in the case, appears to have been applied in accordance with the contract which the city had made with the party who was to take care of the poor, and who received the money from the officer.

The ordinance which measures the duties of these defendants to the plaintiff, stipulated that the plaintiff was to receive, " when collected, " all sums for medical services rendered by him for paupers belonging to other cities and towns. It was the sums " collected " which the plaintiff was to receive. It was in the nature of a portion of his salary. The defendants have collected, and received the benefit of that money which was to go to this plaintiff. The payment over to the plaintiff was postponed till collected from the town liable, under the statute, to these defendants; and that they have, by contract with a third person subsequent to the ordinance aforesaid, seen fit to appropriate it to other uses, is no defense to this action.

Nor do we think the facts authorize the defendants in invoking, as a defense, the want of plenary proof of the qualification of the plaintiff as a physician, under R. S., c. 13, § 9. The defendants have collected the money due this plaintiff in a suit against another town. They availed themselves in that suit of his bill for services rendered. This action is not a suit for medical services, as such, but is to recover the money which has been received by these defendants, and which in equity and good conscience they ought not to retain.

The plaintiff should receive interest on the amount legally due him only from the time the same was collected by the defendants.

*Judgment for plaintiff for thirty-three dollars and fifty cents.*

PETERS, C. J., DANFORTH, VIRGIN, LIBBEY and EMERY, JJ., concurred.