Richard W. SMALL

v.

Markham L. GARTLEY * in his capacity as
Secretary of State of the State of Maine.

Supreme Judicial Court of Maine.

Sept. 8, 1976.

---

\* The original action was brought against
Joseph T. Edgar who previously held the
Office of Secretary of State. Markham L.
Gartley who succeeded Mr. Edgar is the
present defendant by automatic substitu-
tion pursuant to Rule 25(d) M.R.C.P.

Linnell, Choate & Webber by Curtis Webber, Auburn, for plaintiff.

Leon V. Walker, Jr., Asst. Atty. Gen., Augusta, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

1. 29 M.R.S.A., § 2304 provides in pertinent part:
"Every court in every case wherein a person is convicted of the violation of any statute . . . relative to motor vehicles or to the operation of any vehicle shall forthwith transmit to the Secretary of State an abstract, duly certified, setting forth therein the names of the parties, the nature of the offense, the date of hearing, the plea, the judgment and the result; . . . Said judges may make such recommendations to the Secretary of State as to suspension or revocation of licenses and certificates of registration of respondents as they deem to be in furtherance of justice."

2. Section 1312(10-A) of chapter 29 involved in these proceedings states:
"Any person convicted of a 3rd violation of this section [operation of a motor vehicle while under the influence of intoxicating liquor or drugs] *shall* have his license or permit and privilege to operate a motor ve-

DUFRESNE, Chief Justice.

Richard W. Small, the appellant, was charged with the offense of operating a motor vehicle while under the influence of intoxicating liquor pursuant to 29 M.R.S.A., § 1312(10-A). As a result of investigation of the case at the request of appellant's attorney, an alcoholism counselor assigned to the Division of Vocational Rehabilitation of the State Department of Health and Welfare recommended to the Judge of the Eighth District Court, Division of Southern Androscoggin, with the concurrence therein of the State's Attorney, that the current offense be considered as a first offense. The Judge agreed and, upon a plea of guilty to the charge on December 5, 1973, Mr. Small was sentenced as upon a first conviction.

In compliance with 29 M.R.S.A., § 2304 [1] the Court forwarded to the Secretary of State a duly certified abstract of the conviction. A study of the Secretary of State's records revealed that this latest conviction for operating a motor vehicle while under the influence of intoxicating liquor was the appellant's third such conviction. On January 3, 1974 the Secretary of State, pursuant to 29 M.R.S.A., §§ 1312 (10-A) [2] and 2241 [3], suspended Small's op-

hicle in this State suspended for a period of 3 years, except that such person may petition the Secretary of State for a hearing to consider whether his license should be restored after 2 years from the date of said suspension of his license, permit or privilege to operate a motor vehicle. The Secretary of State, after hearing, may restore the license and privilege to operate a motor vehicle, with or without conditions or restrictions, and under such terms as he may deem advisable, having in mind the safety of the public and the welfare of the petitioner." (Emphasis added)

3. Section 2241 of Title 29 reads as follows:
"*Suspension or revocation of license or registration*
1. Suspension. The Secretary of State or any Deputy Secretary of State *may suspend* any certificate of registration or any license issued to any person to operate a motor vehicle or right to operate a motor vehicle or right to obtain an operator's license *after*

erator's license for a period of 3 years without preliminary hearing.

On May 14, 1974, some four months after receiving notice of the suspension order, the appellant commenced an action in the Superior Court (Androscoggin County) praying that the defendant Secretary of State be permanently enjoined from withholding the appellant's license to operate a motor vehicle for a period of more than 4 months following the receipt by the defendant of the attested copy of the court record of the appellant's conviction.

On May 23, 1974 the Secretary of State moved to dismiss the complaint, pursuant to Rule 12(b)(1) and (6), on the respective grounds that the Superior Court was without jurisdiction of the subject matter, since the appellant had not exhausted the remedies available to him at law, having through lack of diligence permitted the statutory appeal period provided in 29 M.R.S.A., § 2242 and under Rule 80B, M.R.C.P. to expire, and, that the complaint failed to state a claim upon which relief could be granted. The Superior Court Justice dismissed the complaint, and the appellant contests such dismissal in his appeal to this Court. On the other hand, the

Secretary of State filed with this Court a motion to dismiss the appeal, on the alleged basis that Small's rights of appeal from the suspension of his license by the Secretary of State are statutorily limited to an appeal to the Superior Court, since section 2242 of title 29 expressly states that the decision reached by the Superior Court is "final," and thus no appeal lies to the Law Court.

We dismiss the appeal.

■ The appellant cushions his contention, that the Secretary of State's suspension of operators' licenses for convictions of the crime of operating a motor vehicle while under the influence of intoxicating liquor is subject to collateral attack in an equitable action seeking injunctive relief, upon the reasoning the statute automatically requires suspension and gives the Secretary of State no discretion in the matter, while the statutory review provided by 29 M.R.S.A., § 2242 and under Rule 80B, M.R.C.P., so the appellant claims, only applies in cases where the Legislature has clothed the Secretary of State with discretion instead of a ministerial mandate. Furthermore, the fact that the implied consent law, 29 M.R.S.A., § 1312(3),[4] provides specifically for a review in the Superior Court

---

*hearing for any cause which he deems sufficient.* The date of birth and name on the notification of suspension or revocation document shall be prima facie evidence that the named person is the same person as a defendant of the same name and birthday. *He is also authorized to suspend* any certificate of registration or any license issued to any person to operate a motor vehicle and privilege to operate a motor vehicle *without preliminary hearing* upon showing by his records or other sufficient evidence that the driver:

A. Has committed an offense for which mandatory suspension or revocation of license is required upon conviction;

B. Has been convicted with such frequency of serious offenses against traffic regulations governing the movement of vehicles as to indicate a disrespect for traffic laws and disregard for the safety of other persons on the highways;

C. Is an habitually reckless or negligent driver of a motor vehicle, such fact being established by the point system, by a record of accidents or by other evidence;

D. Is incompetent to drive a motor vehicle;

E. Has permitted an unlawful or fraudulent use of such license;

F. Has committed an offense in another state which, if committed in this State, would be grounds for suspension or revocation;

G. Has been convicted of failing to stop for a police officer; or

H. Has been convicted of reckless driving or driving to endanger." (Emphasis added)

4. 29 M.R.S.A., § 1312(3) states:

"Any person, whose license, permit or privilege to operate is suspended for refusal to submit to a chemical test to determine his blood-alcohol level by analysis of his blood or breath at the direction of a law enforcement officer after having been arrested for operating or attempting to operate while under the influence of intoxicating liquor, shall have the right to file a petition in the Superior Court in the county where he resides, or in Kennebec County, to review the order of sus-

of the Secretary of State's license suspension in the case of a person's refusal to submit to a chemical test by the same procedure as is provided in section 2242,[5] while the Secretary of State's statutory comprehensive power chart in the matter of suspension and revocation of licenses and registrations as delineated in section 2241 of title 29 does not so provide, is said to support the appellant's argument. We disagree with both positions.

Whether the procedures for judicial review of administrative actions established in 29 M.R.S.A., § 2242 and implemented by Rule 80B, M.R.C.P. are exclusive appellate remedies and whether the Law Court has jurisdiction of the instant appeal notwithstanding the Legislature's express statement that the "decision of the [Superior] court shall be final," must depend upon the ascertainment of true legislative intent.

■ We must bear in mind that the right of appeal, when given, is not a constitutional right, but rather a legislative allowance to which the Legislature may attach such restrictions, limitations and conditions as it may deem appropriate, including the period of time within which the appeal must be taken and the court to which it must be addressed. *In Re Belgrade Shores, Inc.,* 1976, Me., 359 A.2d 59; *Portland Pipe Line Corporation v. Environmental Improvement Commission,* 1973, Me., 307 A.2d 1, at 15.

■ Furthermore, in order to reach true legislative intent in connection with different sections of a statute, especially, as in the instant case, where one section is of particular application and the other of general import, consideration must be accorded to the whole system of which the sections involved form a part as all legislation on the same subject matter must be viewed in its overall entirety so that an harmonious result presumably intended by the Legislature may be reached. *In Re Belgrade Shores, Inc.,* supra; *Finks v. Maine State Highway Commission,* 1974, Me., 328 A.2d 791, 795.

It is true that under 29 M.R.S.A., § 1312 an appeal is specifically provided to review the order of suspension by the Secretary of State in accordance with the same procedure as is provided in section 2242 in the case of suspensions eventuating from the refusal to submit to a chemical test to determine blood-alcohol level, whereas no other reference to a section 2242 appeal is made, either in 29 M.R.S.A., § 1312 or in § 2241 where the suspension issues for other reasons. The contention is advanced that by such omission the Legislature intended to limit the general appeal provisions of section 2242 to suspensions under the implied consent law.

The doctrine of expressio unius exclusio alterius will not carry that far. It is the intention of the Legislature which controls and its true expression must be gleaned from the whole act. The specific appeal provision (29 M.R.S.A., § 1312(3)) has been inserted *ex abundanti cautela. Holden v. Veazie,* 1882, 73 Me. 312.

The simple incorporation into a statute of limited scope, such as the implied consent law, of a specific provision for review

pension by the Secretary of State by the same procedure as is provided in section 2242."

5.  29 M.R.S.A. § 2242, Appeals
    "If any person is aggrieved by the decision of the Secretary of State or the deputy secretary of state in revoking or suspending a license or certificate of registration or by the refusal of the Secretary of State or the deputy secretary of state to issue a license or certificate of registration, he may within 30 days thereafter appeal to the Superior Court, by

filing a complaint. The court shall fix a time and place for hearing and cause notice thereof to be given to the Secretary of State. After hearing the court may affirm or reverse the decision of the Secretary of State or the deputy secretary of state and the decision of the court shall be final. Pending judgment of the court, the decision of the Secretary of State or the deputy secretary of state in revoking or suspending any license or certificate of registration shall remain in full force and effect."

of motor vehicle license suspensions in accordance with, and by express reference to, the provisions of a general statute, previously enacted and providing review of suspensions of motor vehicle licenses generally, cannot be treated as a repeal pro tanto of the general law, because the Legislature omitted to provide specific review of suspensions issued under other provisions of the law. See *Pratt v. Atlantic and St. Lawrence Railroad Company,* 1856, 42 Me. 579, 587.

■ Repeals by implication are not favored and the Legislature will not be presumed to have intended a repeal. *State v. Taplin,* 1968, Me., 247 A.2d 919, 922; *Harris' Case,* 1924, 124 Me. 68, 126 A. 166; *Inhabitants of Eden v. Inhabitants of Southwest Harbor,* 1911, 108 Me. 489, 81 A. 1003.

■ Implied repeals, provided no contrary legislative intent appears, will be restricted in scope only to the extent one legislative enactment is inconsistent or in conflict with another. *State v. Taplin,* supra; *State v. Bryce,* 1968, Me., 243 A.2d 726. In the instant case the special review provided in the implied consent law is not at variance with the appeal provisions of the general law applicable to suspensions of operators' licenses by the Secretary of State in all other cases.

The appellant argues that, even if statutory remedies are made available to review the administrative decisions of the Secretary of State by persons aggrieved thereby, nevertheless, a collateral attack upon the Secretary's license suspension action may be mounted in an equitable proceeding to secure injunctive relief, because, it is claimed, he has exceeded his authority and has proceeded in a manner unauthorized by law.

■ We agree that, if a public agency exceeds its statutory powers or, even in matters over which it has jurisdiction, proceeds in a manner unauthorized by law, its orders, decrees and judgments may be attacked collaterally as null and void, but, if within the periphery delimited by the legislative power grant, such orders, decrees and judgments, when unreversed or unmodified *in the manner provided by the pertinent legislation,* have the effect of final judgments, and they cannot be attacked before a judicial forum other than that expressly set up by the Legislature, for some alleged error of law, even of constitutional dimension, which might have been corrected on proper application *to the court of last resort* provided under the statute. See *S. D. Warren Company v. Maine Central Railroad Company,* 1926, 126 Me. 23, 25, 135 A. 526.

■ The doctrine that a court in equity may interfere to enjoin the enforcement of a so-called void order is not absolute, but is subject to the qualification that such order will result in irreparable injury to the complaining party in the enjoyment of some property or property rights *and* that there is no adequate remedy at law. Hence, where a party is given a special remedy by statute, as in the instant case, there is no reason which justifies the interposition of equity. *Stoddard v. Public Utilities Commission,* 1941, 137 Me. 320, 323, 19 A.2d 427.

As we said in *Steves v. Robie,* 1943, 139 Me. 359, 363, 31 A.2d 797, 799, where mandamus proceedings were resorted to for the purpose of compelling the Secretary of State to issue a registration for petitioner's truck:

"The Legislature intended to provide to the applicant who may feel himself aggrieved by the decision of the Secretary of State, a method of obtaining judicial determination of the correctness of that decision, and further intended that this method should be exclusive. This was within the province of the Legislature."

We do note that the statute at that time provided, as does the instant statute, that the decision of the justice of the superior court *shall be final.*

In *Hadlock, Petitioner,* 1946, 142 Me. 116, 120, 48 A.2d 628, 630, this Court made the following pertinent statement:

"It is not always that parties whose rights are dealt with in the Superior Court, or by one of its Justices, have a right to resort to this Court sitting as a court of law. In some instances the law expressly provides for the finality of decisions made by Justices of the Superior Court. Instances are found in the handling of motor vehicle licenses, . . .."

In *Papapetrou v. Edgar,* 1972, Me., 290 A.2d 202, after an in-depth analysis of the pertinent legislation, we concluded that the controlling effect of a separate statute such as 29 M.R.S.A., § 2242, which explicitly provides that the decision of the Superior Court in the process of judicial review of cases pertaining to the suspension of licenses to operate motor vehicles is "final," was to confine judicial review of such subject matter to the Superior Court, to the exclusion of the Law Court the powers of which to review cases are entirely and exclusively those plainly conferred by statute.

■ The appellant seeks to avoid the applicability of the rule of exclusivity of the appeal process in the Superior Court provided by 29 M.R.S.A., § 2242 with the argument that the Secretary of State's suspension order in the present case was in excess of the Secretary's statutory authority and thus was subject to enjoinment by a court of equity, with further appeal to the Law Court, notwithstanding the provisions of section 2242. Small's contention is to the effect that the District Court's treatment of his current conviction of operating a motor vehicle while under the influence of intoxicating liquor as a first conviction was binding on the Secretary of State and the latter's characterization of it as a third conviction was without statutory warrant. We disagree.

Section 1312(10–D) provides that the District Court, upon receipt of a certified copy of prior convictions from the Secretary of State or any court of record and upon being satisfied that the defendant is the person named in the certified copy, shall treat the present or current conviction as a subsequent conviction and sentence the defendant accordingly. It is obvious that the Legislature intended that courts, in determining the appropriate sentence to mete out for the crime of operating a motor vehicle while under the influence of intoxicating liquor, should receive evidence relating to prior convictions and sentence accordingly as provided in section 1312(10–A) to the respective fine and imprisonment, dependent upon whether the current conviction is a 1st, 2nd, 3rd or 4th conviction. Suspension of the defendant's license to operate a motor vehicle is made no part of the sentencing process, but is accomplished solely by administrative action of the Secretary of State who is granted this power under 29 M.R.S.A., § 2241.

Judicial proceedings to enforce the criminal statute by way of the sentencing process and administrative proceedings before an officer attached to the executive branch of government to determine whether a person's license to operate should be suspended are separate and distinct functions.

■ Whether the extended suspension of operators' licenses when the licensee has been convicted of a specified number of motor vehicle offenses is to be construed as an integral part of the criminal penalty to be imposed for a subsequent offense is a matter of legislative intent. We believe that our Legislature, in the exercise of the police power in fostering public safety on the highways of the State, through the comprehensive provisions of section 2241, has entrusted the complete enforcement of the motor vehicle license suspension and revocation provisions of the law to the Secretary of State, to the exclusion of the judiciary except for statutory review of the administrative decision. See *Bolio v. Malloy,* 1967, 126 Vt. 424, 234 A.2d 336.[6]

6. For a contrary result, see *Cedergren v. Clarke,* 1955, 99 N.H. 421, 112 A.2d 882.

In an *Opinion of the Justices,* 1969, Me., 255 A.2d 643, the Justices of the Supreme Judicial Court viewed the two functions, judicial and administrative, as separate and distinct. The opinion quoted with approval the statement in *Prucha v. Department of Motor Vehicles,* 1961, 172 Neb. 415, 110 N.W.2d 75, 88 A.L.R.2d 1055, as follows:

"The fact of acquittal of a criminal charge of operating a motor vehicle while under the influence of alcoholic liquor does not have any bearing upon a proceeding before the director for the revocation of a driver's license under the provisions of law separate and distinct from criminal statutes."

■ The appellant further argues that 29 M.R.S.A., § 2242 and Rule 80B, M.R.C.P. do not apply and that the Secretary of State's license suspension order is subject to collateral attack in an independent action before a court of equity, because the statutory remedy provided by section 2242 and Rule 80B, limiting, as they do, judicial review of the reference administrative action to the Superior Court, is inadequate in so far as it does not permit the testing of the constitutionality of 29 M.R.S.A., § 2241 which mandates suspension or revocation of operators' licenses *without preliminary hearing* upon showing of convictions, one or more, by the records of the Secretary of State or other sufficient evidence. We disagree.

■ Inferior courts have the power to pass upon the constitutionality of a statute if the issue is raised. *State v. Miller,* 1966, 100 Ariz. 288, 413 P.2d 757; *State v. Taylor,* 1967, 49 Haw. 624, 425 P.2d 1014; *Stemme v. Siedhoff,* 1968, Mo., 427 S.W.2d 461.

We agree fully with the statement made in the 1951 *Opinion of the Justices* at 147 Me. 25, 31, 83 A.2d 213, 216:

"It is the duty of *every* Court to protect and uphold the State and Federal

Constitutions. *A single justice* of the Supreme Judicial Court, or *of the Superior or any other statutory court, has the power* to pass upon the constitutionality of a Statute if the question be in issue. It has been the long established custom in this state, however, that a court at nisi prius, or a judge of any court having jurisdiction of the subject matter in litigation, will accept the presumption that any law passed by the Legislature is Constitutional unless it has been finally determined otherwise by the Supreme Judicial Court sitting as a Law Court." (Emphasis supplied)

■ The better practice which courts of inferior jurisdiction should follow, whereby the presumption of constitutionality of all legislative enactments is permitted to prevail in the absence of a decision thereon by the court of last resort in the state, must be disregarded, when, as in the instant case, the statute governing review of license suspensions by the Secretary of State expressly states that the decision of the Superior Court "shall be final." In such a situation, the Superior Court becomes a court of last resort, and, unless the Law Court has already passed upon the constitutionality of the statute at issue, the Superior Court then has the duty to decide the constitutional question.

The same cautious and careful approach followed by the Law Court in dealing with the question of the validity of statutes on issues of constitutionality must guide the Superior Court in its treatment of such constitutional questions raised in reviews of administrative action under 29 M.R.S.A. § 2242.

It is the duty of every court to protect and uphold both the State and Federal Constitutions. In implementing that duty, every court should have in mind the statement of Justice Thaxter in *State v. F. H.*

*Vahlsing, Inc.,* 1952, 147 Me. 417, 430, 88 A.2d 144, 150:

"It is to be presumed, however, that when the legislature [enacts any type of legislation] it has acted in good faith and within its constitutional powers. Unless it has clearly exceeded its constitutional powers in so doing, its action must be sustained. All rational doubts as to the constitutionality of statutes must be resolved in favor of the constitutionality thereof. Although it is the duty of the court to declare acts which transcend the powers of the legislature void, this judicial duty is one of gravity and delicacy and it is only when there are no rational doubts which may be resolved in favor of the constitutionality of the statute that the inherent power of the court to declare statutes unconstitutional should be exercised."

See also *Ace Tire Co., Inc. v. Municipal Officers of Waterville,* 1973, Me., 302 A.2d 90, 95; *Orono-Veazie Water District v. Penobscot County Water Company,* 1975, Me., 348 A.2d 249, 253.

We do recognize that the determination of issues of constitutionality of statutes by the several justices of the Superior Court may lead to contrary results on the same question as different justices of that court may decide in different cases the same question in conflict with each other. This anomaly, if it should occur, would come about by reason of the clear policy decision of the Legislature investing the review judgment of the Superior Court with finality. See *Allen v. State Board of Veterinarians,* 1947, 72 R.I. 372, 52 A.2d 131.

■ Inferior courts may, by virtue of legislative design, be made courts of last resort in specific areas of the litigation process. See *Jacoby v. Missouri Valley Drainage Dist.,* 1942, 349 Mo. 818, 163 S. W.2d 930, 939. The Superior Court, by virtue of 29 M.R.S.A., § 2242, has been made a court of last resort in appellate reviews of administrative orders of motor vehicle license suspensions.

■ As stated in *S. D. Warren Company v. Maine Central Railroad Company,* 1926, 126 Me. 23, 135 A. 526, if the administrative agency keeps within the bounds marked out by the Legislature, its orders have the effect of judgments, and cannot be attacked collaterally in a proceeding other than that provided by statute, because of some alleged error of law, which might have been corrected on proper application to the "court of last resort under the statute."

■ Thus, the appellate review of the decision of the Secretary of State in suspending the appellant's license to operate a motor vehicle under 29 M.R.S.A., § 2242, provided a complaint be filed within 30 days thereafter, is an adequate remedy in which the appellant as an aggrieved party could present for adjudication all issues in connection therewith, including the constitutionality of 29 M.R.S.A., § 2241, the statute regulating the suspension of motor vehicle licenses by the Secretary of State, notwithstanding the fact that the Superior Court is not the highest court in the State.[7]

■ Rule 80B, M.R.C.P. is no help to the appellant as review by the Law Court of a Superior Court decision made in review of governmental agency action is not available if the decision of the Superior

---

7. We intimate no opinion as to whether declaratory relief could be provided in the Superior Court under the Uniform Declaratory Judgments Act (14 M.R.S.A., §§ 5951–63). See *Berry v. Daigle,* 1974, Me., 322 A.2d 320; *Higgins v. Robbins,* 1970, Me., 265 A.2d 90. No such relief was sought in this case. It would seem that under Rule 72(c) the question of the constitutionality of the statute involved in these proceedings could be brought before the Law Court by means of the reporting of such question on motion of the party aggrieved by a ruling of the Superior Court on the constitutionality of the statute, provided the Superior Court is acting in a timely appeal pursuant to 29 M.R.S.A., § 2242.

Court is made final by statute. Rule 80B(d).

We do not reach the merits of the appellant's contention that the statute is unconstitutional under the principles expounded in *Bell v. Burson*, 1971, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90.[8]

The Superior Court had no jurisdiction of the subject matter of Mr. Small's complaint and the entry must be:

Appeal dismissed.

WEATHERBEE, J., sat at argument and participated in consultation, but died prior to preparation of opinion.

All Justices concurring.

8. For cases in which the due process issue was considered, see *Spurbeck v. Statton*, 1960, 252 Iowa 279, 106 N.W.2d 660; *Cook v. Bright*, 1962, 208 C.App.2d 98, 25 Cal. Rptr. 116, 119; *Reese v. Kassab*, D.C.1971, 334 F.Supp. 744; *Stauffer v. Weedlun*, 1972, 188 Neb. 105, 195 N.W.2d 218; *Lewis v. State, Department of Motor Vehicles*, 1972, 81 Wash.2d 664, 504 P.2d 298; *Kosmatka v. Safety Responsibility Division, etc.*, 1972, N.D., 196 N.W.2d 402; *Aiken v. Malloy*, 1974, 132 Vt. 200, 315 A.2d 488.