**TOWN OF NORTH BERWICK**

v.

**Elwood JONES et al.**

Supreme Judicial Court of Maine.

Argued Nov. 2, 1987.
Decided Dec. 17, 1987.

Geoffrey H. Hole (orally), Catherine O'Connor, Bernstein, Shur, Sawyer & Nelson, Portland, for plaintiff.

Dana E. Prescott (orally), Robert H. Furbish, Smith & Elliott, Saco, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, SCOLNIK and CLIFFORD, JJ.

McKUSICK, Chief Justice.

In this enforcement action brought by the Town of North Berwick against defendant lot owners for filling and grading within 250 feet of an alleged watercourse in violation of the Town's ordinances, the Superior Court (York County) declared, in favor of defendants, that no watercourse ever existed on their lot and that as a result the Town's ordinances did not restrict their filling and grading it. On the Town's appeal, we hold that the unappealed decision by the Town's Planning Board that a watercourse did in fact exist on defendant's lot, by principles of collateral estoppel, precludes relitigation of that issue in this subsequent Superior Court enforcement action. Consequently we vacate the judgment and remand for further proceedings consistent with this opinion.

On August 2, 1982, the Town issued a notice of zoning violation alleging that Elwood Jones[1] was improperly filling and grading his lot within 250 feet of a watercourse. On August 25, 1982, Jones appeared, with counsel, before the Town's Planning Board to contest the notice and claimed that the Town was "without jurisdiction" to control his filling activities because no watercourse existed on the lot. Several witnesses made presentations to the Board, including the Town's site evaluator, the Town's code enforcement officer, and a geologist hired by Jones. After argument by Jones's counsel, the Board tabled action on the question whether a watercourse existed on the lot until the next meeting to be held on September 8, 1982. At that time, after some discussion, the Board by unanimous vote decided that

a watercourse does or did exist on [the Jones lot] prior to fill activity.

Based on the following:

1. Dictionary definition of a watercourse.

2. Testimony from citizens.

---

1. Jones owned the lot until April 1985, at which time he conveyed it to Rodney and Marie Young. The Town thereafter joined the Youngs as defendants in this enforcement action originally commenced against Jones alone.

3. Testimony from the North Berwick Site Evaluator.

4. Examination of aerial photographs.

5. Personal examination of the site.

Because of the Board's determination that a watercourse existed on the lot, the lot came within the Town's resource protection district.[2] At the same meeting, as a consequence of that determination, the Board applied to Jones the zoning restrictions against filling within a resource protection district and issued him a conditional use permit requiring him *inter alia* to construct within 30 days a swale of sufficient size and contour to resemble closely the original watercourse. Even though the Town's zoning ordinance gave Jones the right to appeal the Planning Board's decision within 30 days to the Town's Board of Appeals, and even though by statute Jones had the further right to appeal an adverse ruling by the Board of Appeals to the Superior Court, *see* 30 M.R.S.A. §§ 2411(3)(F), 4963(1) (1978 & Supp.1987), he at no time took any action to obtain direct appellate review of the Planning Board's decision.

Subsequently the Planning Board determined that Jones had not fully complied with the conditional use permit, notified Jones that he was in violation of the permit, and asked that he appear at its November 24, 1982, meeting. At that meeting, the Board extended the deadline for Jones's construction of the swale until December 24, 1982. At its January 12, 1983, meeting, the Board again determined that Jones had not complied with the terms of the conditional use permit.

In June 1983 the Town filed the complaint in the present action seeking civil penalties against Jones for violation of the Town's zoning ordinance and an order requiring him to comply with the terms of the conditional use permit. Jones moved for summary judgment on the ground that the Town had no "jurisdiction" over the

filling because no watercourse existed on the lot. Also, in a supplemental pretrial memorandum, Jones raised the same factual issue of the existence of a watercourse on his property. The Superior Court denied Jones's summary judgment motion and, after a pretrial conference, allowed the Town to file a summary judgment motion alleging that Jones was precluded from relitigating the watercourse issue by the fact he had not appealed the Planning Board's September 8, 1982, determination that a watercourse did in fact exist. On February 13, 1985, the Superior Court denied the Town's motion for summary judgment on the watercourse issue, holding that the normal consequences of failing to appeal the Planning Board decision should not be applied against Jones because he and the Town had engaged in subsequent settlement negotiations.

Following a bench trial in February 1986, at which the principal issue was the watercourse question, the Superior Court entered judgment for defendants. The court, on the evidence presented to it, found that no watercourse existed on the lot, thereby eliminating the Town's authority to enforce against the lot owners the ordinance restrictions on filling and grading within 250 feet of a watercourse. The Town appeals from that judgment. The Town's appeal challenges the correctness of both the Superior Court's decision on the merits of the watercourse issue and also its earlier denial of the Town's motion for summary judgment on the ground of issue preclusion.[3] *See* M.R.Civ.P. 73(a). We reach only the second of the Town's challenges.

It is well-settled law that an issue of law or fact litigated and decided in a valid, final *court* judgment is conclusive in a subsequent *court* action between the same parties. *Sevigny v. Home Builders Ass'n of Maine, Inc.,* 429 A.2d 197, 201–02 (Me.1981); *Restatement (Second) of Judgments* § 27 (1982). That form of *res judi-*

---

2. Under the Town's zoning ordinance, a resource protection district is subject to stringent filling restrictions for 250 feet on either side of a watercourse. The Town's zoning ordinance does not restrict filling on a residential lot that is not in a resource protection district.

3. Nothing said by the Superior Court in its opinion on the merits can be fairly read as a finding that the Town had waived its argument on its motion for summary judgment that Jones's failure to appeal the Planning Board's decision precluded relitigation of the watercourse issue.

*cata* called "collateral estoppel" or "issue preclusion" "prevents the reopening in a second action of an issue of fact actually litigated and decided in an earlier case." *Beegan v. Schmidt*, 451 A.2d 642, 644 (Me. 1982). The question presented here, going beyond that well-settled law, is whether a final adjudication in an administrative proceeding before a quasi-judicial municipal body has the same preclusive effect as a final adjudication in a former court proceeding. We answer that question in the affirmative, in the circumstances of the case at bar.

Section 83 of *Restatement (Second) of Judgments* (1982) declares that, in absence of a contrary statutory provision, an adjudicative determination of a legal or factual issue by an administrative tribunal has the same effect of issue preclusion as a court judgment if the administrative proceeding resulting in that determination entailed the essential elements of adjudication. Those essential elements of adjudication include 1) adequate notice, 2) the right to present evidence and legal argument and to rebut opposing evidence and argument, 3) a formulation of issues of law or fact to apply rules to specified parties concerning a specified transaction, 4) the rendition of a final decision, and 5) any "other procedural elements as may be necessary to constitute the proceeding a sufficient means of conclusively determining the matter in question." *Id.* § 83(2). In the proceedings before the North Berwick Planning Board, Jones received notice and appeared with counsel and presented evidence and argument on the specific watercourse issue. The Planning Board applied specific provisions of the North Berwick zoning ordinance to Jones's filling activities. The Board adopted a plainly worded motion that a watercourse existed on the Jones lot and gave its detailed reasons for so finding. On the basis of that factual determination, the Planning Board at the same meeting granted Jones a conditional use permit subject to the ordinance restrictions that apply to land within 250 feet of a watercourse. Jones had the right to appeal the Board's determination to the North Berwick Board of Appeals and, if unsuccessful there, to the Superior Court, but he chose not to do so. At the expiration of the appeal period, the Board's decision of September 8, 1982, became final.[4] The proceeding before the Planning Board did not lack any procedural element necessary to make it a sufficient means for determining the watercourse issue; "the magnitude and complexity of the matter in question" did not make the Planning Board an inappropriate tribunal for its adjudication, and the parties had the same opportunity as in court "to obtain evidence and formulate legal contentions." *Id.* § 83(2)(e). Thus, all the essential elements of adjudication required by section 83 of the *Restatement* were present in the process that produced the administrative determination that a watercourse existed on the subject lot.

In determining that *res judicata* effect should be given to determinations reached by a *state* administrative agency, we explained in *Maines v. Secretary of State*, 493 A.2d 326, 328 (Me.1985):

The processes used in our administrative agencies are now substantially similar to those employed by courts, and

---

4. Contrary to the reasoning of the Superior Court in denying the Town's motion for summary judgment, the Planning Board's decision of September 8, 1982, was no less final because settlement discussions between the Town and Jones apparently occurred at some time after the Board's decision. Any settlement talk between the parties did not affect the finality of the decision of the administrative tribunal before which they had fully litigated the issue of the existence of a watercourse on the Jones lot. The settlement talk apparently did not involve the finding of the existence of a watercourse, but rather involved how Jones was to comply with the requirements of the conditional use permit. In any event, the Planning Board never withdrew its decision, nor have the parties ever requested it to do so. Even if there might seem to be some practical justice in excusing Jones from appealing to the Board of Appeals at a time when he and the Town were still talking settlement, no such excuse can possibly exist beyond January 12, 1983, when the Planning Board finally voted to put the matter of Jones's failure to comply with the conditional use permit in the hands of the Town's attorney for court enforcement. Neither then nor at any other time has Jones followed the available channels for direct appellate review of the Planning Board's decision.

their decisions may be accorded the finality that attaches to judicial judgment. That reasoning applies with equal force to determinations reached by *municipal* agencies when, as here, those determinations result from a process containing the essential attributes of an adjudicative proceeding.

As in *Maines*, 493 A.2d at 329–30, we distinguish the application of *res judicata* principles from the doctrine of exhaustion of administrative remedies. This is not a case where defendant Jones has raised the watercourse issue in the Superior Court without having already fully litigated that issue against the Town before another tribunal. Jones stands in the same position he would be in if he had appealed to the North Berwick Board of Appeals and then had failed to appeal an adverse ruling to the Superior Court. He and others holding under him are precluded from relitigation of the watercourse issue by the principles of collateral estoppel. We need not and do not decide whether Jones and his codefendants could have obtained a Superior Court declaration on that issue in the complete absence of any administrative hearing and decision. As in *Maines*,

> [w]e simply decide that [Jones] cannot permit the administrative action to become final and then seek judicial relief in the absence of factors justifying post-judgment relief.

*Id.* at 330.

Ordinary principles of issue preclusion or collateral estoppel work on the procedural facts of this case to require the granting of partial summary judgment to the Town on the issue of the existence of a watercourse on the Jones lot in North Berwick.

The entry is:

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.