

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-06-55

JEAN M. COFFIN & DONALD J.
ARNOLD d/b/a ROYAL RIVER
CAMPGROUND,

Plaintiffs

v.

ORDER ON 80B APPEAL

TOWN OF POWNAL,
POWNAL PLANNING BOARD and
POWNAL BOARD OF SELECTMEN

Defendants

Before the Court is Plaintiffs Jean M. Coffin and Donald J. Arnold d/b/a Royal River Campground's ("Plaintiffs") appeal pursuant to M.R. Civ. P. 80B of a decision of the Town of Pownal ("Town") Board of Appeals overturning the Town Code Enforcement Officer's ("CEO") interpretation of the Town's Zoning Ordinance ("Ordinance").

## BACKGROUND

The Ordinance divides the Town into one "Village District" and two "Rural Districts." Ordinance § 2B. One of the Rural Districts is labeled "RA" and the other "RB." *Id.* On March 22, 2006, Plaintiffs met with the Town Planning Board to discuss their proposal for a campground on property located in the RA zoning district. At this meeting Plaintiffs "presented a hand drawing of the proposed campground. No survey, delineation or studies [had] been performed." (R. at Tab 9, p. 1.)

On April 26, 2006, Plaintiffs again met with the Planning Board, discussing what would be necessary to satisfy the requirements of the Ordinance. At the conclusion of their meeting, Plaintiffs notified the Planning

1

Board that they would submit "copies of everything by next meeting" and the minutes reflect that "[t]he campground proposal will be on the May agenda." (R. at Tab 10, p. 2.)

At the Planning Board's next meeting, on May 24, 2006, Plaintiffs provided the Planning Board with "a packet . . . of letters from the town attorney . . . and the CEO . . . in favor of the argument that [their proposed campground] is a permitted use without restrictions [in District RA]." (R. at Tab 12, p. 1.) The CEO's letter was dated May 20, 2006, titled "Interpretation on Campgrounds in a RA District" and was not specifically addressed to the Planning Board or any other party. (R. at Tab 11.) In particular, the letter noted that there are "no restrictions on Campgrounds in the Village or RB District . . . [and that b]ecause of this I see no reason that there [should be] any restrictions in the RA District. This should be a permitted use within State and Local guidelines." (*Id.*) At the conclusion of the May 24 meeting, the Planning Board noted that it would conduct a site walk on the proposed campground. (R. at Tab 12, p. 1.)

At the Planning Board's June 28, 2006 meeting, Plaintiffs stated that, at that time, they "would like to formally submit the site plan application under review . . . [and subsequently] handed the Board a notebook of paperwork for the campground . . . [and] a check for the $100 site plan fee.[1]" (R. at Tab 13, p. 1.)

The Planning Board's next meeting occurred on July 26, 2006. At this meeting the Planning Board voted to appeal the CEO's decision that Plaintiffs' proposed campground was a permitted use within the RA Zone as an "open space recreational use" rather than a special exception use. (R. at Tab 14, p. 1.) At

_____

[1] Although Plaintiffs claim that this was a resubmission of their formal application, there is nothing in the record to support this proposition and there is no dispute that this was the first time that the required $100 fee was tendered.

their August 14, 2006 meeting, the Town Board of Selectmen similarly voted unanimously to appeal the CEO's determination. (R. at Tab 15, p. 1.)

The Board of Appeals held a hearing on September 20, 2006 and unanimously determined both that the Planning Board and Board of Selectmen's appeal was timely, (R. Tab 3 ,p. 6), and that a "a commercial campground is not considered open space recreational use" under the Ordinance, (R. Tab 3, p. 14.) Plaintiffs timely filed the present appeal of this decision.

## STANDARD OF REVIEW

The Court reviews a local board's decision for abuse of discretion, error of law or findings not supported by substantial evidence in the record. *York v. Town of Ogunquit*, 2001 ME 53, ¶ 6, 769 A.2d 172, 175. Substantial evidence is evidence that is sufficient for a board to have reasonably found the facts as it did. *Ryan v. Town of Camden*, 582 A.2d 973, 975 (Me. 1990). The burden of persuasion is on the party challenging a board's decision to show that the evidence compels a different result. *Twigg v. Town of Kennebunk*, 662 A.2d 914, 916 (1996). The Court must not substitute its judgment for that of a board on factual issues. *Id.* Further, a board's factual findings are "not wrong because the record is inconsistent or a different conclusion could be drawn from it." *Id.* In contrast to the deference shown a board's findings on questions of fact, the proper interpretation of a zoning ordinance is a question of law to be determined *de novo* by the Court. *Viles v. Town of Embden*, 2006 ME 107 ¶ 19, 905 A.2d 298, 303.

## DISCUSSION

### I. Standing

A threshold issue raised by Plaintiffs is whether either the Planning Board or Board of Selectmen had standing to appeal the CEO's determination to the

Board of Appeals. Specifically, the Ordinance permits only persons "aggrieved by a decision" of the CEO to file an appeal. Ordinance § 5D(1). Plaintiffs note that there is nothing in the record demonstrating how the Planning Board and the Board of Selectmen were "aggrieved" by the CEO's decision. Further, Plaintiffs argue that although by statute a planning board must be made a party to any appeal, 30-A M.R.S.A. § 4353(3), it does not follow that this grants the Planning Board the power to itself commence an appeal.

Contrary to Plaintiffs' argument, 30-A M.R.S.A. § 4353(3) and Ordinance § 5D(1) authorized the Planning Board and Board of Selectmen to appeal the CEO's decision based on their status as automatic parties to all appeals. In *Crosby v. Town of Belgrade*, the Law Court held that identical language to the present statute, as formerly codified at 30-A M.R.S.A. § 4504(4), authorized "municipal officers and the 'planning board, agency or office' responsible for enforcing the zoning ordinance" in their official capacities to initiate appeals to the Superior Court whenever "aggrieved by a decision of the board of appeals." 562 A.2d 1228, 1231 (Me. 1989). This language makes clear that the Law Court considers those parties in their official capacities to be "aggrieved by a decision" when they disagree with that decision. As a result, the Ordinance authorized the Planning Board and Board of Selectmen to appeal the CEO's decision.

## II. Timeliness of Appeal

The Ordinance provides no time limit by which an appeal of the CEO's decision must be taken to the Board of Appeals. In such a situation, the Law Court has provided that an aggrieved party generally has sixty days from the action complained of to file an appeal. *Keating v. Zoning Board of Appeals of the City of Saco*, 325 A.2d 521, 525 (Me. 1974). The sixty day time period may be tolled

4

when there are "special circumstances which would result in a flagrant miscarriage of justice unless, within a narrowly extended range, a time longer than [sixty days] is held 'reasonable.'" *Id.* at 524.

Plaintiffs argue that the clock for filing an appeal of the CEO's interpretation of the Ordinance began running on May 20, 2006, the date of the CEO's letter. As a result, Plaintiffs argue that the subsequent appeals filed by the Planning Board following its meeting on July 26, 2006 and by the Board of Selectmen following its meeting on August 14, 2006 are both untimely as falling outside the sixty day appeals period provided by *Keating*.

In *Freeport v. Greenlaw*, the Law Court decided a case in which a restaurant owner received a letter from the CEO of the Town of Freeport notifying him that he was in violation of a local ordinance because he put picnic tables outside his establishment for customer use. 602 A.2d 1156, 1158. The letter instructed the owner to remove the tables immediately but did not mention any means by which this decision could be appealed. *Id.* Subsequently, the town brought an enforcement action in the Superior Court and argued that the court could not consider the substance of the owner's arguments against enforcement because the owner had not timely appealed to the local zoning board as required by the local ordinance. *Id.* at 1159.

In that case, the court held that the owner's appeal was not time barred because the CEO's letter "was insufficient to constitute an order from which appeal had to be taken or rights forever lost." *Id.* The court explained that in order for a failure to appeal a CEO's actions to act as a bar to future appeals, that action "must entail the 'essential elements of adjudication.'" *Id.* at 1160 (quoting *Town of North Berwick v. Jones*, 534 A.2d 667, 670 (Me. 1987)). One of those

5

essential elements is "adequate notice" to an affected party that final action has been taken that will become conclusive if not appealed. *Id.* The court went on to note that "[w]hat constitutes acceptable notice may vary according to the circumstances, but in order to have a preclusive effect, the notice should state the nature of the action and inform the recipient of the opportunity to object and of the consequences of a failure to heed the notice." *Id.*

In the present case, the CEO's letter failed to provide adequate notice that it constituted final action from which an appeal must be taken or rights forever lost. First, the CEO's letter lacks any indicia of formality. It is not written on letterhead, is not addressed to any particular party and does not contain any warning regarding the right to appeal. More importantly than this, however, the CEO's letter does not address Plaintiffs' specific site plan application. Indeed, it could not have addressed that application because Plaintiffs did not formally submit their application until June 28, 2006. This is the earliest time when the CEO could possibly have issued a decision ripe for appeal. Prior to this date any opinion of the CEO on Plaintiffs' proposal was merely advisory.

The difficulty in determining a precise date upon which the CEO issued the decision that resulted in this appeal, however, underscores a more fundamental problem. Specifically, the CEO never made a decision from which an appeal could be taken. For the reasons discussed above, the CEO's letter was an advisory opinion at the time it was written. Neither side has presented authority for the proposition that a CEO's advisory opinion can be transformed into a decision with the force of law through a party later referencing that decision in its filings before an administrative body.

Because there was never a valid decision, the Planning Board and the Board of Selectmen's appeal of the CEO's "decision" to the Board of Appeals was a nullity. As a result, there was no valid decision of the Board of Appeals from which appeal to this Court could lie.[2]

Therefore, the entry is:

> The decision of the Board of Appeals is VACATED. This case is remanded to the Planning Board for proceedings consistent with this order.
>
> The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this 20ᵗʰ day of _____, 2007.

Robert E. Crowley
Justice, Superior Court

---

[2] Even if the CEO made a decision from which an appeal was possible, this case would need to be remanded to the Board of Appeals as its decision lacked any findings of fact. *See e.g. Comeau v. Town of Kittery*, 2007 ME 76, __ A.2d __. All decisions made by a local board of appeals "must include a statement of findings and conclusions, as well as the reasons or basis for the findings and conclusions, upon all the material issues of fact, law or discretion presented and the appropriate order, relief or denial of relief." 30-A M.R.S.A. § 2691(3)(E). The Law Court has thus recognized that "[m]eaningful judicial review of an agency decision is not possible without findings of fact sufficient to apprise the court of the decision's basis." *Carroll v. Town of Rockport*, 2003 ME 135, ¶ 27, 837 A.2d 148, 156. Though these findings may be written or stated orally and then transcribed into a written order, if stated orally, there "must be a statement of the decision-maker's findings, not the views of individual members of the decision-making agency." *Id.* ¶ 28, 837 A.2d at 156.

Date Filed ___11-2-06___ ___CUMBERLAND___ Docket No. __AP06-55__

County

Action ___80B Appeal___

JEAN M. COFFIN & DONALD J. ARNOLD
d/b/a ROYAL RIVER CAMPGROUND

TOWN OF POWNAL
POWNAL PLANNING BOARD
POWNAL BOARD OF SELECTMEN

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Clifford Goodall Esq/Mary Denison, Esq.<br>61 Winthrop Street<br>Augusta, Maine 04330 | Kenneth Cole, III, Esq. (all defs.)<br>Natalie Burns, Esq.<br>PO Box 4510<br>Portland, ME 04112 |

Date of
Entry